UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23146-CV-BLOOM
MAGISTRATE JUDGE REID

JUAN TUNON-PADRON,

    Plaintiff,

v.

PATRICK LEON RIGGINS,
*et al.*,

    Defendants.
_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

Plaintiff, **Juan Tunon-Padron,** has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983, arising from a July 2017 incident at Everglades Correctional Institution ("Everglades CI") in which he was unlawfully pepper-sprayed. [ECF 1, pp. 5-9]. Plaintiff sues the following Defendants: (1) Patrick Leon Riggins ("Riggins"); (2) Assistant Warden Heron ("Heron"); (3) Lieutenant Thompson ("Thompson"), and (4) a John Doe Captain, all of which are employees of Everglades CI. (*Id.*). He alleges that (1) Riggins used unlawful and excessive force by maliciously and sadistically spraying Plaintiff and other inmates; (2) Riggins retaliated by falsifying a disciplinary report; (3) Heron threatened to

retaliate against Plaintiff if he filed a grievance about the incident; and, (4) Heron, Thompson, and John Doe directly participated in the unlawful use of force or otherwise stood by and watched, failing to intervene when Riggins used unlawful and excessive force. [*Id.*, p. 9]. Plaintiff was previously granted pauper status. [ECF 5].

As discussed below, the complaint should proceed against (1) Riggins on the unlawful use of force and for falsifying a disciplinary report; and, (2) Heron, Thompson, and John Doe for directly participating in the unlawful use of force or for otherwise standing by and watching, failing to intervene when Riggins used unlawful and excessive force.

This case has been referred to the undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C), Fed. R. Civ. P. 72(b), S.D. Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-02.

## II. Factual Allegations

Plaintiff alleges that in July 2017, he was an inmate at Everglades CI, during a "lock down" following an unrelated stabbing of an orderly. [ECF 1, p. 6]. Between 10 a.m. and 7:00 p.m., Plaintiff claims he and twenty-seven other inmates were escorted to F-Dorm, the Special Housing Dormitory to secure inmates in conferment status. [*Id.*]. At the time, he and the other inmates were located in the Wing 3 sally

port. [*Id.*]. While there, corrections officers randomly selected Plaintiff and fourteen other inmates, took them outside the front of F-Dorm, and ordered the inmates down onto the ground. [*Id.*].

Plaintiff alleges Riggins threatened the inmates, stating he was going to "beat your asses today." [*Id.*, p.7]. Riggins appeared visibly upset as he ordered the Plaintiff and other inmates to get up off the ground and escorted them to another location, away from the view of any cameras. [*Id.*]. Riggins then ordered Plaintiff and the others to get down on the dirt, in a prone position, with their faces towards the earth and their hands behind their backs. [*Id.*]. Riggins then stated he was going to "pick (5) of those little fuck ups and spray the shit out of them until it kills one of them." [*Id.*].

Plaintiff claims Riggins picked him and four others, ordered them to look up towards the sky, at which time Riggins began spraying Plaintiff and the others directly in their faces, eyes, noses, and mouths. [*Id.*]. Plaintiff alleges Riggins actions were done maliciously and sadistically, for the sole purpose of causing severe and unnecessary physical pain and suffering. [*Id.*]. He maintains that Heron, Thompson, and John Doe "participated" with Riggins in the unlawful use of force or otherwise stood by, failing to intervene. [*Id.*, p. 9].

When asked why they were being sprayed, Plaintiff claims he was told it was because they had "taken their hands off their heads in an effort to reach and pull

Assistant Warden Heron's legs up from under him." [*Id.*, pp. 7-8]. Plaintiff alleges this was false, as he and the others were following orders. [*Id.*, p. 8]. Afterwards, Plaintiff alleges he received a false disciplinary report designed to "cover up" the unjustified excessive use of force. [*Id*]. Plaintiff alleges that Heron threatened to retaliate against him if he filed a grievance. [*Id.,* pp. 7-8].

He recounts that, although he was allowed to shower, he was forced to put on the same chemically saturated clothing, and then taken to confinement in Wing 4. [*Id.*]. He was not permitted to change clothing during the course of the next 24 hours. [*Id.*]. Plaintiff and the others were then transported by van to different institutions, but not before being warned against filing any grievances. [*Id.*]. Notwithstanding, Plaintiff alleges he filed grievances, and that he and the others were denied food for two to three weeks. [*Id.*].

As a result of an investigation into the incident, he was summoned to be a witness in a criminal case filed against Riggins in Miami-Dade County Circuit Court, Case No. F18-009890, but claims prison officials never transported him to the court hearing on April 22, 2019. [*Id.*, p. 9].

Plaintiff seeks nominal, compensatory, and punitive damages. [*Id.*].

### III. Standard of Review- 28 U.S.C. §1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), where a plaintiff is proceeding IFP, the complaint must be dismissed if the court determines that the complaint fails to

state a claim on which relief may be granted. *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *Hughes v. Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 785 (11th Cir. 2018) (*per curiam*).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018)(citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.*

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Furthermore, the same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The court may also not construct a litigant's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993); or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When read liberally, however, a *pro se* pleadings "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)(quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

### IV. Discussion

### A. Eighth Amendment Excessive Force Claim

Plaintiff alleges that Riggins assaulted him, spraying him with pepper-spray while he was on the ground and not resisting. [ECF 1, p. 7]. He further alleges that

Heron, Thompson, and John Doe participated in the unlawful use of force. [*Id.,* p. 8]. The plaintiff has stated an unlawful use of force claim against Riggins, Heron, Thompson, and John Doe.

Because the plaintiff was a convicted felon at the time of the incident, this claim is governed by the Eighth Amendment to the U.S. Constitution which "governs prison officials' use of force against convicted inmates." *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). "Under the Eighth Amendment, force is legitimate in a custodial setting as long as it is 'applied in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically for the very purpose of causing harm.'" *Stallworth v. Tyson,* 578 F. App'x 948, 953 (11th Cir. 2014)(*per curiam*); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)(citations omitted). "Correctional officers in a prison setting can use pepper spray on an inmate, but there must be a valid penological reasons for such a use of force." *See Williams v. Rickman,* 759 F. App'x 849, 851 (11th Cir. Jan. 2, 2019)(unpub.)(citing *Danley v. Allen*, 540 F.3d 1298, 1306 (11th Cir. 2008) and *Thomas v. Bryant*, 614 F.3d 1288, 1301-02 (11th Cir. 2010)).

Factors to consider when determining whether the use of force was "malicious" or "sadistic" include: "'(1) the extent of the injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the

extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.'" *Stallsworth v. Tyson,* 578 F. App'x at 953 (citing *Campbell v. Sikes,* 169 F.3d at 1375). The court gives "'deference to prison officials acting to preserve discipline and security, including when considering decisions made at the scene of a disturbance.'" *Stallworth v. Tyson*, 578 F. App'x at 953 (quoting *Fennell v. Gilstrap,* 559 F.3d 1212, 1217 (11th Cir. 2009)(*per curiam*). The "focus of the Eighth Amendment inquiry is on the nature of the force applied, rather than the extent of injury inflicted." *Stallworth v. Tyson, supra*. (citing *Wilkins v. Gaddy,* 559 U.S. 34, 39 (2010).

Petitioner claims Riggins sprayed him when he was not resisting or a threat to the officers. [ECF 1, pp. 6-9]. He also alleges that Heron, Thompson, and John Doe all participated in the unlawful activity. [*Id.,* p. 9]. He states that a videotape of Wing 2 confirms the incident and, that after he showered, he was forced to put on the chemically contaminated clothing. [*Id.*]. Plaintiff has satisfied the factors necessary to state a claim of unlawful use of force against Riggins, Heron, Thompson, and John Doe.

**B. Retaliatory Falsification of Disciplinary Report Claim**

Plaintiff alleges that he subsequently received a "false assault disciplinary report" designed to cover up Riggins' unlawful use of force. [ECF 1, p.8]. He suggests that Riggins is being prosecuted for his conduct, and that Riggins caused

or was involved in fabricating the report. [*Id.*, p. 6-9]. Plaintiff claims that as he was being transported, Heron threatened to retaliate against him if he filed any grievances. [*Id.*].

At this juncture, Plaintiff has alleged sufficient facts to support a claim of retaliation against Riggins and Heron for causing retaliatory false disciplinary reports to be filed. Therefore, this claim should proceed against Riggins and Heron.

### C. Failure to Intervene

Plaintiff also sues Assistant Warden Heron, Lt. Thompson, and Captain John Doe, claiming they were present and watched, but failed to intervene as Riggins sprayed him and the other inmates. [ECF 1, p. 9]. Plaintiff sets forth a minimal failure to intervene claim against Heron, Thompson, and John Doe.

For a prison or jail official to be constitutionally liable for failure to protect the safety of an inmate, two requirements must be met. First, the deprivation alleged must be, objectively, "sufficiently serious." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). For a claim based on an alleged failure to prevent harm, the plaintiff must show that he is or was incarcerated under conditions that pose a substantial risk of serious harm. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Second, the prison official who ignores a substantial risk of serious harm to an inmate must have a "sufficiently culpable state of mind." *Farmer v. Brennan,* 511 U.S. at 834. That state of mind is one of "deliberate indifference" to the inmate's health or safety. *Wilson*

*v. Seiter,* 501 U.S. at 302-03; *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The plaintiff must allege a conscious or callous indifference to his rights by prison officials. *Brown v. Hughes,* 894 F.2d 1533, 1537-38 (11th Cir. 1990). Only such a degree of disregard for the prisoner's rights, which offends evolving contemporary standards of decency and is repugnant to the conscience of mankind, separates official conduct that is actionable under Section 1983 from simple negligence which is not. When the plaintiff fails to allege and show proof of such an abuse, what may be an ordinary tort does not rise to the level of a constitutional violation actionable under Section 1983. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *Estelle v. Gamble, supra,* 429 U.S. at 106; *Byrd v. Clark,* 783 F.2d 1002, 1006 (11th Cir. 1986).

Thus, there must be an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation. *See Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir. 1986); *LaMarca v. Turner,* 995 F.2d 1526, 1536 (11th Cir. 1993). "Personal participation...is only one of several ways to establish the requisite causal connection, *Zatler v. Wainwright,* 802 F.2d at 401, and thus, personal participation is not the *sine qua non* for the defendants to be found personally liable" *Swint v. City of Wadley, Ala.,* 5 F.3d 1435, 1446 (11th Cir.), *opinion modified on other grounds by* 11 F.3d 1030 (11th Cir. 1994).

Plaintiff has alleged a claim arising from a failure to intervene as Heron, Thompson, and John Doe stood by, failing to intervene by doing nothing as Riggins sprayed him with chemicals unlawfully while Plaintiff was on the ground, not resisting. Thus, the failure to intervene claim against Heron, Thompson, and John Doe should proceed.

### D. Punitive Damages Claim

The Plaintiff seeks punitive damages against the named Defendants arising from the excessive use of force, retaliatory false disciplinary reports, and failure to intervene claims. Punitive damages may be awarded under § 1983 when a defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. *Smith v. Wade,* 461 U.S. 30, 56 (1983). "While the *Smith* Court determined that it was unnecessary to show actual malice to qualify for a punitive award, ... its intent standard, at a minimum, required recklessness in its subjective form." *Kolstad v. American Dental Ass'n,* 527 U.S. 526 (1999). *Smith* refers to a "subjective consciousness" of a risk of injury or illegality and a "criminal indifference to civil obligations." *Smith,* 461 U.S. at 45-48 (quoting *Philadelphia, W. & B.R. Co. v. Quigley,* 62 U.S. 202, 214 (1858)). At this early juncture, since it cannot be determined whether punitive damages should be awarded against the named

Defendants arising from the facts alleged, the punitive damage claim should proceed.

## VI. Recommendations

Based upon the foregoing, it is recommended that:

(1) The unlawful use of force claim PROCEED against Riggins Heron, Thompson, and John Doe;

(2) The failure to intervene claim PROCEED against Heron, Thompson, and John Doe;

(3) The retaliatory falsification of disciplinary reports PROCEED against Riggins and Heron; and,

(4) The punitive damages claim PROCEED against Riggins, Heron, Thompson, and John Doe.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 29th day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Juan A. Tunon-Padron, *Pro Se*
    DC#M48422
    Columbia Correctional Institution
    Inmate Mail/Parcels
    216 S.E. Corrections Way
    Lake City, FL  32025